DURKIN v. MARKUS et al.

(Supreme Court, Appellate Division, First Department.    July 7, 1905.)

MORTGAGES—FORECLOSURE ACTION—PAYMENT—SUFFICIENCY OF EVIDENCE.

In an action to foreclose a mortgage, evidence examined, and *held* to show payment by defendant mortgagor of a certain sum on account of the mortgage of the mortgagee.

Appeal from Special Term.

Action by William M. Durkin against Barnet Markus and others. From the judgment, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

James W. Purdy, Jr., for appellants.

Eugene A. Philbin, for respondent.

INGRAHAM, J.   The action was to foreclose a mortgage originally given by the defendant to one Catherine A. Durkin to secure the payment of $11,000.   The only question presented was as to whether the defendant had paid to the mortgagee, before she had assigned it, the sum of $1,000.   The mortgage was dated the 4th day of January, 1899, and was to secure the payment of $11,000, with interest at 5 per cent., payable semiannually.   The defendant admitted the execution of the mortgage, but alleged that there was but $10,000 due; $1,000 thereof having been paid on account on or prior to April 20, 1901.   To prove this payment the defendant introduced in evidence the following receipt, which it was conceded .was signed by the mortgagees:

"April the 20, 1901,

"I resived of B. Markus The sume of one Tousens Dollers on acond The Haus of 212 W 37 st.                                    Catherine A. Durkin."

This house 212 West Thirty-Seventh street was the mortgaged property.   Catherine A. Durkin, the mortgagee, transferred this mortgage to the Union Trust Company, as trustee, on January 4, 1902.   It is not suggested in the record that there were any other obligations of the defendant to the mortgagee, except the mortgage in question; and it was admitted that subsequent to the 20th of April, 1901, except the interest payment in July, 1901, the interest that had been paid and accepted by the assignee of the mortgagee was $250 semiannually, which would be 5 per cent. on $10,000. There is also indorsed on the back of the bonds to secure which this mortgage was given these words, "Now $10,000."   In whose handwriting are those words, does not appear.   There was no evidence to impeach or explain this receipt; no evidence to show that there were any transactions between the mortgagee and the defendant Markus in April, 1901, at the time of the payment of this $1,000, by which the defendant was indebted to the plaintiff in any amount, except upon this mortgage; nothing to explain this payment of $1,000 in any way, except on account of the mortgage; and I think the finding of the trial judge that this amount had not been paid was clearly against the weight of evidence.   It is stated

in the record that the defendant Markus tendered to the plaintiff the sum of $10,000, with interest from January 4, 1904, to the 19th day of July, 1904, at the rate of 5 per cent. per annum; that being the day upon which the said tender was made. The statement upon the bond as to the receipt of interest on July 3, 1901, of $275, even if made by the mortgagee or in the presence of the mortgagor, would not be at all conclusive, for a part of the six months represented by this payment the interest was on $11,000. Just how that indorsement was made, does not appear, and it is not evidence against the defendant to overcome the presumption that the payment of $1,000 represented by this receipt was made on account of the mortgage; and the receipt of the subsequent interest down to January 4, 1904, at the rate of 5 per cent. upon $10,000, the amount which would be due upon the mortgage, crediting the $1,000 payment, corroborated the contention of the defendant Markus that the money represented by this receipt was paid on account of the mortgage. I do not think that any one can read this evidence without being satisfied that this payment was made to the mortgagee on account of the mortgage, and that the defendant was entitled to be credited with that amount.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.